IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICAH ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 22-425 |
| | ) |
| PNC FINANCIAL SERVICES | ) |
| GROUP, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

Micah Anderson, proceeding pro se, commenced this action by requesting leave to proceed in forma pauperis through the filing of an "Application to Proceed in District Court without Prepaying Fees or Costs." ECF No. 1. He attached as his Complaint, a form titled, "Complaint and Request for Injunction." ECF No. 1-2. The Court finds Mr. Anderson to be without sufficient funds to pay the required filing fee. Thus, Mr. Anderson will be granted leave to proceed in forma pauperis. However, upon review of the Complaint, this Court, sua sponte, shall dismiss the Complaint.

**I.**

In determining whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B). In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is where a defendant enjoys immunity from suit.

Id. An example of the second is a claim describing a factual scenario which is fantastic or delusional. Id. at 328. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.

Mr. Anderson has filed a Complaint seeking injunctive relief. ECF No. 1-2. The named Defendants are PNC Financial Service Group, Inc. (PNC), Donnelley Financial Solutions (Donnelley), Alexandra David, William S. Demchak, Robert O'Reilly, Gregory Kozich, and Powell. Id. at 1-2. In his "Statement of Claim," Mr. Anderson refers to his "investments with the company PNC, [his] certificate [of] custodial asset of [] insurance value $1,000,000.00. Id. at 4. He also refers to an "investment with PNC," namely a "Certification of Bond," "registered with the Security [and] Exchange Commission." Id. at 4-5.

Mr. Anderson attaches hundreds of pages of exhibits in support of his Complaint, some of which appear connected to Mr. Anderson's Complaint.[1] Exhibit 1 is a document Mr. Andersons claims is his "Custodial Asset Certificate for PNC Common Stock Certificate Number ZQ000000 for PNC Services Group, Inc." ECF No. 1-15. The document, however, appears to be nothing more than a sample PNC Common Stock document. The document lists the owners of the stock as "Mr. Sample and Mrs. Sample." Plaintiff Micah Anderson's name does not appear on the document.

Mr. Anderson describes Exhibits 2, 3, and 4 as "social certificates," "socials," or "proof" of his "social on certificate at PNC." ECF No. 1-2, at 7. Exhibit 2, docketed at ECF No. 1-16, is

---

[1] Among the Exhibits are Mr. Anderson's birth certificate and personal financial documents, which contain Mr. Anderon's identifying information and account numbers. The Court will order that such Exhibits remain under seal.

identified as a certificate for "Red[d]it," Exhibit 3, docketed at ECF No. 1-17, is identified as a certificate for "Astrail fist" (Reddit), and Exhibit 4, docketed at ECF No. 1-18, is identified as a certificate for Mr. Anderson's "social graphics" titled "mr_a_real_person" on TikTok and Reddit. ECF No. 1-2, at 7. With respect to the "Astrail fist" document, Mr. Anderson states, "I don't have my social data[,] the data was connected with my internal biological implant body device data." ECF No. 1-2, at 7.

The remainder of the Exhibits appear to be various banking and financial reports or generic forms, all of which have no apparent connection to Mr. Anderson or the Complaint. One Exhibit contains Mr. Anderson's signature. ECF No. 1-8, at 2. This document, the title of which is uncertain, contains the phrase "exemption Notice as required under New York Law." Id. Above this phrase, it appears that Mr. Anderson has handwritten the instruction, in part, that he exempts from use, his biometric and social data. Id. The document is otherwise not connected to the claims in this case or any named Defendant.

In his explanation of how he is suffering irreparable injury, Mr. Anderson explains:

> The Company registered with the Certificate [TikTok] has access to my vital Certification Records from the Certificate at PNC. The Bio-Tech at PNC[,] TikTok [user] mr.a.real.person – The infrastructure pages are using my vital data from Certificate at PNC of my custodial asset.

ECF No. 1-2, at 5. Mr. Anderson seeks injunctive relief in the form of a restraining order against two entities. Id. First, he requests a restraining order to be applied to "TikTok Social" in relation to his Certificate in the possession of, or filed with, PNC. Id. He asserts that that his request for relief is "due to Antitrust and Amendment 5 violation holding my property." Id.

Next, Mr. Anderson seeks to obtain a restraining order as to Donnelley, ostensibly to stop said party from accessing his health portal records. Id. Specifically, he requests "to put estoppel – restraining order on the Donnelly Financial Solution Hedge with my Investments and which

registered with my vitals certification number." Id.  He explains "why" he makes such a request: "The registration of the Company can access my health portal records through grants." Id.

### III.

A review of Mr. Anderson's Complaint and attached exhibits demonstrates that his asserted factual contentions in support of a legal claim are baseless.  Viewing the allegations in a light most favorable to Mr. Anderson, he appears to be alleging a connection between, and among, documents he purportedly owns (but which are in the possession of PNC), his social media accounts at TikTok (and perhaps Reddit), and the allegedly unwarranted release of Mr. Anderson's unspecified "vital data."  However, Mr. Anderson has not alleged a coherent claim, much less a valid claim, and thus the Court finds that there are no recognizable causes of actions asserted in the Complaint.  In addition, even if an identifiable claim was asserted, the factual allegations do not support awarding the relief Mr. Anderson requests, notwithstanding that the requested injunctive relief itself is likely incapable of being implemented.  In short, the assertion that PNC, Donnelley, or any other Defendant possess Mr. Anderson's "Certificates" such that PNC or Donnelly is able to disseminate Mr. Anderson's unspecified social, vital, or biometric data to unknown persons, is baseless.  For the above reasons, the Court concludes that the Complaint is devoid of any sound basis to infer or assume that any of the named Defendants committed an actionable wrong against Mr. Anderson.  Accordingly, the Complaint will be dismissed.

When a complaint is subject to dismissal, the Court must consider whether to grant leave to amend the complaint.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Id.  Here, in light of the incomprehensibility of the

Complaint and the lack of an assertion of a coherent cause of action, dismissal without leave to amend is appropriate as any amendment would be futile.  <u>Roy v. Sup. Ct. of United States of America</u>, 484 F.App'x 700, 700 (3d Cir.2012) (agreeing with District Court that leave to amend was not required given the incomprehensible complaint).

Accordingly, the following order is hereby entered.

## **ORDER**

AND NOW, this 11th day of August 2022, for the reasons set forth above, it is hereby ORDERED that Plaintiff's Motion to Proceed Informa Pauperis is granted.  The Clerk of Court shall file Plaintiff's Complaint.  The Clerk is directed to retain Exhibits that contain Mr. Anderson's personal identifying information under seal.  Specifically, ECF Nos. 1-1 and 1-3.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED with prejudice.  The Clerk of Court shall mark the case closed.

    _s/Marilyn J. Horan_
    Marilyn J. Horan
    United States District Court Judge

cc:    Micah Anderson, pro se
       651 S. Wells
       Apt. 112
       Chicago, IL 60607